IRBY *v*. SOUTHERN BUILDING & LOAN ASSOCIATION.

Opinion delivered December 23, 1899.

FINDING OF CHANCELLOR—CONCLUSIVENESS.—On appeal from a decree of foreclosure of a mortgage, a finding of the chancellor that a certain party joined in the execution of the mortgage is conclusive if the mortgage, introduced at the trial, is not copied in the transcript. (Page 289.)

Appeal from Lawrence Circuit Court in Chancery.

RICHARD H. POWELL, Judge.

*Appellants pro se.*

The mortgage was void, because the equitable owner did not join in the granting clause. 53 Ark. 53; Sand. &. H. Dig., § 4945; 47 Ark. 114. Signing the relinquishment of dower did not estop her to claim her title. 53 Ark. 564; Big. Estop. 448 *et seq.* Aside from the mortgage, no lien existed, there being none by subrogation. 44 Ark. 507; 47 *id.* 118. Appellee's failure to reply to the plea of set-off made to their cross-bill entitled appellant to judgment. Sand. & H. Dig., § 5761; 25 Ark. 86; 51 Ark. 368, 370.

*Cockrill & Cockrill,* for appellee.

There was no intention on the part of Irby to give the property to his wife; hence her interest only amounted to a dower right. 47 Ark. 111; 40 Ark. 62; 42 Ark. 503; 54 Ark. 499. Appellants are estopped to set up ᴛhat Mrs. Irby is the owner of the property. 55 Ark. 85; 62 Ark. 316, 319; 136

Ind. 99; 100 U. S. 578; 33 Ark. 465, 468; 86 N. Y. 222; 7 Am. & Eng. Enc. Law, $18^2$; Big. Estop. 561. Appellee has a lien by subrogation, if not by mortgage. 84 Ala. 507, 511; Harris, Subrog. 744; 58 Ohio St. 86; 24 Am. & Eng. Enc. Law, 290; 72 Miss. 1058; 34 S. W. 1001; 35 Atl. Rep. 897; 2 Perry, Tr. 837. The question as to the appellant's right to a judgment because of appellee's failure to reply to his allegations of set-off can not be raised for the first time on appeal. 33 Ark. 1071; 47 Ark. 493, 496. No set-off could properly be pleaded in a suit to foreclose a mortgage. 22 Ark. 227, 228; 40 Ark. 75; 14 N. J. Eq. 467; 32 *id.* 225; 54 Ark. 224.

BUNN, C. J. This was originally a bill to enjoin the sale of certain mortgaged real estate in Black Rock, Lawrence county, because of certain defects and irregularities in the execution of the mortgage. The defendant and mortgagee filed its answer and cross-bill, denying the allegation of the complaint, and praying a foreclosure of their mortgage, and the plaintiff then answered the cross-complaint, and pleaded set-off by way of several items of credits claimed by them. Upon the pleadings and evidence, the chancellor dismissed the bill, found the sum of $696.10 to be due on the mortgage debt, decreed foreclosure of the mortgage, and the plaintiffs appealed.

Appellants' complaint was founded on the contention that the mortgaged property was in truth the property of the wife, the defendant S. J. Irby, and not the property of the husband and obligor on the note, the defendant E. T. Irby, and that the mortgage created no lien thereon, because she had not joined her husband in the execution of it, but only in the relinquishment of her dower interest in the property.

The circumstances of the execution of the mortgage were substantially these, viz.: "The defendant was a building and loan association, and the defendant E. T. Irby applied to it to borrow $500, for the purpose of paying off the purchase money of the land in controversy, and to make some improvements thereon; and it was represented in this application, as well as in the mortgage, as contended by defendant and not denied, that the lot involved was the property of the husband, subject to the payment of the purchase money, as the deed had not been exe-

cuted, and it was held under a title bond. The defendants attempt to show by evidence that the borrowed money was expended for other things than for the payment of the purchase money of the lot. Be that as it may, soon after obtaining this money the purchase money due on the lot was paid, and they say the deed was made by the vendor, not to E. T. Irby, the husband, but to S. J. Irby, the wife, which was contrary to the representations as contended by the defendant. The appellants say that the representation to the effect that the husband was the owner was a mistake on their part; that the title bond was in fact to the wife. The title bond was not exhibited in evidence. It is claimed by them that, while the mortgage on its face appeared to be a conveyance of the husband's property, the fact was that it was the property of the wife, or would be when paid for. Therefore the mortgage was ineffectual as a lien on the property. Such is the substance of the contention, as we understand it. There is no proof to sustain this contention of appellants. The appellee alleged in the answer and cross-complaint that the wife joined in the execution of the mortgage or deed of trust, and exhibited the mortgage, with its answer and cross-complaint, in support of the allegation. The chancellor found that to be a fact. The appellants fail to make said mortgage a part of the transcript, and it is not before us. We are bound to conclude therefore that the chancellor's findings are correct.

The chancellor, in considering the evidence as to the mortgage debt, and the set-off pleaded in the answer to the cross-complaint, and all questions involved therein, found that the appellants were indebted to the appellee in the sum of $696.10, and we see no reason to disturb the finding. This disposes of all the material questions in the case.

Decree affirmed.