Bray *v*. Bray.

Opinion delivered February 18, 1918.

DEEDS—DELIVERY—INTENT.—The question of delivery is generally one of intention as manifested by acts or words, and there is no delivery unless there is an intention on the part of both the actors in the transaction to deliver the deed in order to pass the title immediately to the land conveyed, and that the grantor shall lose dominion over the deed.

Appeal from Yell Chancery Court, Dardanelle District; *Jordan Sellers,* Chancellor; affirmed.

*John B. Crownover,* for appellant.

1. The evidence shows conclusively that the deed was delivered with intent to pass title. 98 Ark. 466; 15 *Id.* 538; 82 *Id.* 47; 97 *Id.* 104; 22 *Id.* 488; 7 *Id.* 505; 93 *Id.* 324; 23 *Id.* 746.

2. The findings of the chancellor are clearly erroneous, and the decree should be reversed. 31 Ark. 85; 77 *Id.* 216; 114 *Id.* 121. See also 75 *Id.* 72; 43 *Id.* 307; 42 *Id.* 522.

*Davis & Bohlinger,* for appellee.

1. There was no delivery of the deed with intent to pass title. 77 Ark. 89; 98 *Id.* 466; 2 Tiffany, Real Prop. 406; 124 S. W. 778; 13 Cyc. 569, 570; 90 S. W. 617; 24 Ark. 244.

2. The finding of the chancellor is supported by the evidence.

McCULLOCH, C. J. The parties to this suit are related to each other as father and son. Appellant instituted the action against his father in the chancery court of Yell County to compel the restoration of a deed alleged to have been executed to him by his father conveying a tract of land in that county containing forty acres. He alleged in the complaint that his father came to live with him under a verbal agreement that he (appellant) should take care of his father and provide him a comfortable home and living the balance of his life, and that his father, in consideration thereof, executed the deed in question

conveying the land, subject to his father's use and enjoyment of rents during his life. He alleged that the deed was duly executed and delivered to him by his father, but that after the delivery he left the deed with his father for safe keeping and that later his father became dissatisfied and left the premises and carried the deed off with him. He also alleged in the complaint that his father had $500 in cash and delivered it to him under an agreement that he should pay his father $50 a year during the latter's lifetime, and that the principal sum should be his upon the death of his father.

It is alleged in the complaint that a note evidencing the transaction with respect to the money was executed and that appellee had also taken that note away with him when he left the premises. In the answer appellee denied that he delivered the deed to appellant. The cause was heard by the chancellor upon that issue of fact.

It is undisputed that appellee, who had reached extreme old age, went to live with his son, the appellant, and about that time executed a deed purporting to convey the land in question to his son, but there is sharp conflict in the testimony as to whether or not the deed was ever delivered with the intention of passing the title. The deed contained the reservation of the use and occupation of the premises during the life of the grantor. Appellee was living in the house with appellant at the time the deed was executed. Appellant testified that his father brought the deed home and delivered it to him, but the next day suggested that it be returned to him and for safekeeping locked up in a tin box in appellee's trunk; that they acted upon that suggestion and the deed was placed in appellee's trunk and kept there until the latter left the premises and took the deed with him. Several other witnesses were introduced by appellant, all of them members of his family, who testified that there was a delivery of the deed, but that it was returned to the old man the next day to be put away in the trunk for safekeeping. The witnesses testified that the agreement between appellant and appellee at the time the deed was returned was that when

the old man died appellant was to break the trunk open and get the deed and have it recorded. The deed was never placed of .record. It was kept in appellee's trunk. The tin box in which it was kept and the trunk itself were both kept locked and the deed remained there until the old man carried it away. Several of the witnesses introduced by appellant testified that declarations were made by appellee at different times to the effect that he intended for his son, the appellant, to have the land at his death. None of the witnesses testified to any declaration of appellee showing that there had been a delivery of the deed with intention to convey the title immediately, but all of the testimony of that character was to the effect that the land was to become appellant's at the time of the old man's death.

While the numerical weight of the testimony is against appellee, we do not think that there is a preponderance of the evidence against the finding of the chancellor in holding that there was not a delivery of the deed with intent to pass title. We have said that the question of delivery is generally one of intention as manifested by acts or words, and that there is no delivery unless there is an intention on the part of both of the actors in the transaction to deliver the deed in order to pass the title immediately to .the land conveyed, and that the grantor shall lose dominion over the deed. *Cribbs* v. *Walker,* 74 Ark. 104; *Maxwell* v. *Maxwell,* 98 Ark. 466; *Battle* v. *Anders,* 100 Ark. 427.

Measured by this rule, we can not say that the chancellor reached a conclusion contrary to the preponderance of the evidence in holding that the circumstances are insufficient to show that appellee delivered the deed with intention to pass title. Even if it be conceded that the preponderance of the evidence shows that the deed was handed to appellant by appellee on one day and taken back the next day for safe keeping, when all the circumstances are considered together and what was said at the time, they do not indicate an intention·to immediately pass the title, but merely to keep the deed in the posses-

sion of the grantor until his death, when it was then to be taken over by the grantee and recorded.

There is no contention here that appellant was entitled to any relief in regard to the note. Whatever may be the terms of the writing, it is not contended that appellee has violated any duty to appellant in keeping the note in his possession.

The decree is affirmed.