HARDIN *v*. RUSSELL.

## Opinion delivered October 17, 1927.

1. DEEDS—MANUAL DELIVERY.—Manual delivery of a deed need not be made by the grantor, but delivery is sufficient if it is manifest that the grantor intended to part with the deed as an effective conveyance; the question being one of intention on his part.

2. APPEAL AND ERROR—CONCLUSIVENESS OF CHANCELLOR'S FINDING.— The finding of the chancellor relative to the grantor's intention to part with a deed as an effective conveyance will be sustained, unless against the preponderance of the evidence.

3. DEEDS—LOSS OF CONTROL.—Unless the grantor actually loses control and dominion over his deed, there is no delivery sufficient to effect a conveyance of title.

4. DEEDS—INTENTION TO LOSE CONTROL.—In a suit to have certain deeds declared void, evidence *held* sufficient to sustain the chancellor's finding that the deed was not delivered with intention to lose control or dominion over it.

Appeal from Johnson Chancery Court; *W. E. Atkinson*, Chancellor; affirmed.

*Tessie M. Billings* and *G. O. Patterson*, for appellant.

*J. J. Montgomery* and *Webb Covington*, for appellee.

MEHAFFY, J. The appellees, plaintiffs below, brought suit in the Johnson Chancery Court to have certain deeds declared void and canceled. They alleged that William N. Russell, on the 18th day of March, 1924, made deeds to certain property to Susie Hardin and Olivia Acord; that, at the time he made said deeds, said Russell was afflicted with Bright's disease, had been for some time, and was feeble in body and mind and incapacitated to transact any kind of business, and that, while he was in this condition, the defendants took advantage of his feeble and weak condition and induced him to sign the deeds. In other words, they alleged that he was mentally incapacitated, and also alleged undue influence.

The defendant answered, admitting the making of the deeds, but denying all other material allegations of the complaint.

At the trial, proof was introduced on the question of the delivery of the deed. Russell died a few days

after the execution of the deed, and the chancellor found that it had never been delivered. The facts with reference to the delivery of the deed are substantially as follows: L. J. McMillan testified that Mr. Mayfield did the writing; he wrote the deeds. When they were drawn, Mayfield had Mrs. Russell to come in. When both deeds were written, Mr. Russell doubled the will up and stuck it back in the envelope, and then got up and signed the deeds.

B. W. Hardin, the husband of Susie Hardin, testified that he was not present when the deeds were made, and that he delivered the deeds to the parties after Mr. Russell's death. That he was obeying instructions at the time he made the delivery. He said that Mr. Russell told him to tend to his will and tend to his business. The deeds were sent out there to be put in the safe and be locked up. None knew the combination but witness and Mr. Russell. Witness knew what he had done with the deeds, because he put them back in the envelope. Mr. Mayfield brought them out there. He also testified: "Mr. Russell told me to tend to his will and tend to his business. He told me about the deeds several times."

Witness put the deeds in the safe, according to Mr. Russell's directions, and they were there until his death. They were with the will. The seal had not been broken. They were in a large envelope with the indorsement on the back, "This is my will and deeds."

N. A. Mayfield, justice of the peace, who wrote the deeds, testified that he drew the deeds under the direction of Mr. Russell, and took Mrs. Russell's acknowledgment. She could not write, but touched the pen while witness made a cross-mark. "After the deeds were finished Mr. Russell had me lay them back, and called for a piece of paper, and had that addition to the will drawn. He called for an envelope, and some one went to the store and brought back a long blank envelope, and he took the instrument he had in his hand, those deeds and the addition to his will, and folded them up and put them all in that envelope, and sealed it up. He asked me to write

on there, his will and deeds, and I did. He asked me to take them over there and give them to Mr. Hardin and put them in the safe and lock them up. I took them and delivered them to Mr. Hardin.''

Olivia Acord testified that the deeds were signed on the 18th day of March, and that Mr. Russell died on the 5th day of April.

There was testimony introduced by both parties as to Mr. Russell's capacity and also as to undue influence. There was also testimony to show that Mr. Russell could scarcely read or write, and Mrs. Russell could neither read nor write. But this testimony about undue influence, incapacity and the condition of the parties need not be set out, because we think the important question, and the one that determines this case, is whether or not the deeds were delivered. It has been repeatedly held that a manual delivery need not be made by the grantor, but the delivery is sufficient if it is manifest that the grantor intended to part with the deed as an effective conveyance, and the question of whether the deed had been delivered is largely one of intention on the part of the grantor. This question of intention is to be determined from the evidence, and unless the finding of the chancellor is against the preponderance of the evidence, his decree will be affirmed.

In this case we do not think the finding of the chancellor is against the preponderance of the evidence. Appellant calls attention to a number of cases, but we do not think that this case comes within the rule announced by either of them. In one of the cases cited by appellant the court said, quoting from another decision of this court:

"To constitute an instrument an escrow, it is absolutely necessary that the deposit of it should be irrevocable; 'that is, that when the instrument is placed in the hands of the depository it should be intended to pass beyond the control of the grantor for all time, and that he should actually lose control of and dominion over the instrument; for, in case the deposit is made in further-

ance of a contract between the parties, the contract must be so complete that it remains only for the grantee or obligee or another person to perform the required condition, or for the event to happen, to have the instrument take effect according to its import'." *Fine* v. *Lasater,* 110 Ark. 425, 161 S. W. 1147, Ann. Cas. 1915C 385.

In this case it is true that 'B. W. Hardin, one of the appellants, testified that Russell requested him to deliver the deeds to the grantees after Russell's death. In explaining how he gave him these instructions, however, this witness said:

"Q. How were you directed?" And he answered: "Mr. Russell told me to attend to his will and attend to his business. Told me time and again. Q. To attend to his business? A. Yes sir. Q. This is the instructions you had? A. Yes sir."

The instructions that he gave to the justice of the peace who wrote the deed were, not to deliver to the grantees or any person for the grantees, but to deliver them to Hardin to be put in the safe. Russell himself put his will and the deeds together in an envelope and sealed them up and directed that they be put in the safe, and we do not think that this showed the intention of the grantor that the papers should pass beyond his control for all time. We do not think it shows that he actually lost control of and dominion over the deed, and if he did not, then, according to the decisions of this court and the decisions relied on by appellant, there was no delivery.

Another case referred to and relied on by appellants is the case of *Sneathen* v. *Sneathen,* 104 Mo. 201, 16 S. W. 497, 24 Am. St. Rep. 326. In that case, while the court says that the grantor does not have to put it out of his physical power to procure possession of it again, yet it holds that it must be delivered to the third person for the grantee without reservation and with the intention that it shall take effect and from that time operate as a transfer of title.

We do not think that the facts in this case show that the deeds in question were so delivered.

Another case relied on by appellants is *Standiford* v. *Standiford*, 97 Mo. 239, 10 S. W. 837, 3 L. R. A., 299. The court in that case said: "To make a deed effective, there must be a delivery, actual or constructive, to the grantee or to some person for his use during the lifetime of the grantor. Whether a deed has been delivered or not is a mixed question of law and fact, dependent largely upon the intention of the parties. * * * Each case must stand on its own peculiar facts. It may be actual or constructive, by word or act, to the grantee directly or to another for him, and a delivery may sometimes be made without the grantee parting with the custody of the instrument. It • is sufficient if, after the grantor has signed, sealed and acknowledged the deed, he make some disposition of it from which it clearly appears that he intended that the instrument should take effect as a conveyance and pass title."

In the case last referred to the deed was signed, handed to a third person, and he was directed to file it for record. And when it was suggested that it might not be prudent to do this, the grantor then said, 'Take the deed and keep it safely.' And the facts clearly showed that it was his intention that it be delivered to the grantees.

The next case is *Foster* v. *Mansfield*, 37 American Decisions 154, 3 Metc. (Mass.) 412, and in that case the deed was handed to a third person to be delivered to the grantee at a future time.

Here the only testimony in any way tending to show that it was the intention of the grantor that these deeds should be delivered is the statement of Hardin, and in explaining how the grantor instructed him, he shows clearly that he did not instruct him to deliver the deeds.

This court has said: "Manual delivery of a deed by the grantor and a formal acceptance by the grantee is not necessary to constitute a delivery of an instrument in law. The delivery is sufficient if it is manifest that the grantor intended to part with the deed as an effective conveyance. * * * M. M. Johnson executed this deed

and placed it of record, and the original deed remained in the clerk's office for sixteen years." *Lee Hardware Co., Ltd.* v. *Johnson,* 132 Ark. 462, 201 S. W. 289.

This court said in a case involving the delivery of a deed: "While the numerical weight of the testimony is against the appellee, we do not think there is a preponderance of the evidence against the finding of the chancellor in holding that there was not a delivery of the deed with the intent to pass title. We have said that the question of delivery is generally one of intention, as manifested by acts or words, and that there is no delivery unless there is an intention on the part of the actors in the transaction to deliver the deed in order to pass the title immediately to the land conveyed, and that the grantor shall lose dominion over the deed." *Bray* v. *Bray,* 132 Ark. 438, 201 S. W. 281.

As we have already said, we do not think the evidence in this case shows a delivery of the deed with the intention that the grantor shall not thereafter have any control or dominion over it. It is a question largely of intention to be determined by the evidence, and we think the chancellor's finding is supported by a preponderance of the evidence, and the decree is affirmed.