ROBERTS *v.* BILLINGSLEY.

4-9384                                   236 S. W. 2d 79

Opinion delivered February 5, 1951.

*Herrn Northcutt* and *Gus Causbie,* for appellant.

*W. E. Billingsley,* for appellee.

ED. F. MCFADDIN, Justice.   This is a dispute as to ownership of two parcels of land, called "C" and "A," in the Town of Franklin, Izard County, Arkansas. Each parcel contains approximately one-half acre. Parcel "C" is south of State Highway 56; and Parcel "A" is north of the highway.

For the recovery of the two parcels, appellee filed action in ejectment against appellant, who in turn filed answer and cross-complaint, seeking to have his title quieted. The case was transferred to the Chancery Court and resulted in a decree adjudging appellee to be the owner of Parcel "C," and refusing relief to all parties as to Parcel "A." By appeal and cross-appeal the entire controversy comes to this Court. A careful study of

the entire record convinces us that the Chancery Court should be affirmed on both direct and cross-appeal.

As to Parcel "C": Lee Billingsley had a complete record title from T. G. Sangster, the admitted common source of title. Roberts' alleged chain of title from Sangster was defective because it was based on a deed undelivered by Sangster. See *Miller* v. *Physick,* 24 Ark. 244; *Bray* v. *Bray,* 132 Ark. 438, 201 S. W. 281; *Cavett* v. *Pettigrew,* 182 Ark. 806, 32 S. W. 2d 808; *Graves* v. *Carlin,* 194 Ark. 473, 107 S. W. 2d 542, and *Ransom* v. *Ransom,* 202 Ark. 123, 149 S. W. 2d 937. Furthermore, Billingsley had actual possession of Parcel "C" for more than seven years before Roberts committed the trespass that initiated this litigation. See § 37-101, Ark. Stats.; *Fletcher* v. *Josephs,* 105 Ark. 646, 152 S. W. 293; *Smart* v. *Murphy,* 200 Ark. 406, 139 S. W. 2d 33, and *Hart* v. *Sternberg,* 205 Ark. 929, 171 S. W. 2d 475.

As to Parcel "A": Neither party showed any possession, and the record title of each party was defective because the plat—of East Addition to the Town of Franklin—as brought into the record, did not sufficiently identify Parcel "A" as being within the boundaries of Lots 1, 2, and 3 of Block 1 of East Addition to said Town. Furthermore, Exhibits 7 and 8, offered in evidence in the trial court, and apparently relating to a tax confirmation decree, are not found in the transcript; and without them we cannot say that the decree is in error. See *Irby* v. *So. B. & L. Assn.,* 67 Ark. 287, 54 S. W. 744; *East Arkansas Lumber Co.* v. *Swink,* 128 Ark. 240, 194 S.W. 5, and *Smith* v. *Magnet Cove Barium Corp.,* 212 Ark. 491, 206 S. W. 2d 442.

We, therefore, affirm on direct and cross-appeal and assess the costs against the appellant.

Mr. Justice WARD disqualified and not participating.