McCord v. Robinson.

5-693                                    280 S. W. 2d 222

Opinion delivered June 13, 1955.

French & Camp, for appellant.

Westbrooke & Westbrooke, for appellee.

ED. F. McFADDIN, Justice. Appellants and appellees are, together, all the heirs of A. A. Armstrong, deceased. The appellants brought this suit to set aside a deed from

A. A. Armstrong to appellee. At the close of the plaintiff's case the Chancery Court sustained defendant's motion for decree. See Act 470 of 1949; and *Werbe* v. *Holt*, 217 Ark. 198, 229 S. W. 2d 225. The question here presented is whether the testimony for the plaintiffs was strong enough to present a question of fact for decision. If the plaintiffs made a case, then the decree must be reversed under the authority of *Werbe* v. *Holt, supra*, which was recognized by the Chancellor as stating the applicable test.

The complaint alleged, and there was evidence tending to show, that prior to July 21, 1934, A. A. Armstrong and his wife lived on the land here involved; that Mr. Armstrong was involved in litigation which he feared might result in a judgment against him; that an attorney advised him that any judgment rendered against him would not disturb his homestead during the lifetime of himself and wife, but would be a lien thereafter if the homestead had not been previously transferred; that Mr. Armstrong and his wife then executed and acknowledged a general warranty deed to the property in question which recited a good and valuable consideration and conveyed the property to Mildred Armstrong, who is now Mildred Robinson, the defendant below and the appellee here. The said deed had this provision: ". . . reserving, however, the said A. A. Armstrong and Ella Armstrong, his wife, the use, benefits and right of occupancy of said lands for and during the natural life of either or both the said A. A. Armstrong and Ella Armstrong. . . ."

The trial in the Chancery Court involved the actual or constructive delivery of the deed to the grantee, as well as the acquiescence of Mr. Armstrong in the grantee having the deed recorded. That a deed was signed and acknowledged by Mr. Armstrong and his wife [1] as grantors is an admitted fact; but the plaintiffs maintain that the deed was never delivered, either actually or presumptively. Our reports are replete with cases presenting

---

[1] Mrs. Armstrong is also deceased.

various factual situations regarding delivery.[2] The facts in the case at bar are not entirely identical with any one of our cases; so we state the applicable rules and then measure the facts in the case at bar by such rules. In *Cavette* v. *Pettigrew,* 182 Ark. 806, 32 S. W. 2d 808, Mr. Justice FRANK G. SMITH used this language:

"It is elementary law that delivery is essential to the validity of a deed, but it is frequently a mixed question of law and fact as to whether there has been a delivery, and the law on the subject has been declared in a number of our cases. *Russell* v. *May,* 77 Ark. 89, 90 S. W. 617; *Maxwell* v. *Maxwell,* 98 Ark. 466, 136 S. W. 172; *Battle* v. *Anders,* 100 Ark. 427, 140 S. W. 593; *Stephens* v. *Stephens,* 108 Ark. 53, 156 S. W. 837; *Faulkner* v. *Feazel,* 113 Ark. 289, 168 S. W. 568; *Watson* v. *Hill,* 123 Ark. 601, 186 S. W. 68; *Fine* v. *Lasater,* 110 Ark. 425, 161 S. W. 1147; *Bray* v. *Bray,* 132 Ark. 438, 201 S. W. 281; *Davis* v. *Davis,* 142 Ark. 311, 218 S. W. 827; *Hardin* v. *Russell,* 175 Ark. 30, 298 S. W. 481.

"In the case of *Battle* v. *Anders, supra,* it was said: 'The important question in determining whether there has been a delivery is the intent of the grantor that the instrument should pass out of his control and operate as a conveyance. The intent of the grantor is to be inferred from all the facts and circumstances adduced in the evidence. His acts and conduct are to be regarded in ascertaining his intent.' "

In *Battle* v. *Anders, supra,* Mr. Justice HART said:

"It is only where the acts or words unequivocally evince the purpose of the grantor that the question of delivery becomes one of law. *Cribbs* v. *Walker,* 74 Ark. 104; *Russell* v. *May,* 77 Ark. 89; *Eastham* v. *Powell,* 51 Ark. 530."

---

[2] Some of our cases not elsewhere listed in this opinion are: *Graham* v. *Suddeth,* 97 Ark. 283, 133 S. W. 1033; *Taylor* v. *Calaway,* 186 Ark. 947, 57 S. W. 2d 410; *Johnson* v. *Young Men's Bldg. & Loan Assn.,* 187 Ark. 430, 60 S. W. 2d 925; *Ransom* v. *Ransom,* 202 Ark. 123, 149 S. W. 2d 937; and *Ellis* v. *Shuffield,* 202 Ark. 723, 152 S. W. 2d 535.

In the case at bar the facts stated most favorably to the plaintiffs—as must be done in testing the motion—show that Mr. Armstrong never knowingly allowed the deed to pass from his possession; that the grantee acted surreptitiously in obtaining the deed and placing it of record; that the grantor discovered such fact shortly before his death and insisted that as soon as he was able he would have the grantee go with him to the courthouse to have the deed cancelled of record. There was evidence that the grantor kept the deed in a box in a trunk; there was no showing that the grantee had either the legal or moral right of access to the trunk or the box; and there was testimony that the grantee admitted she had "done wrong" in getting the deed and placing it of record.

Thus the testimony in the case at bar was sufficient to present factual issues as to whether there had been (1) actual delivery, (2) acquiescence, or (3) the overcoming of presumptive delivery. The fact questions could not be settled on a motion to dismiss; they required a weighing of the evidence and the exercise of fact finding powers. The motion to dismiss should have been overruled, and the case should have proceeded to a final decision on the facts.

Reversed and remanded.