## RUSSELL v. MAY.

Opinion delivered November 11, 1905.

1. DEED—DELIVERY.—While a deed cannot take effect without delivery, any disposal of a deed, accompanied by acts, words or circumstances will clearly indicate that the grantor intends that it shall take effect as a conveyance, is a sufficient delivery. (Page 92.)

2. SAME—EVIDENCE OF DELIVERY.—Evidence that a husband executed and acknowledged deeds to his wife before a notary public, and directed that the deeds be returned to him by the notary public after being recorded, and died before the deeds were recorded, is sufficient to support a finding of the trial court that the delivery of the deeds was sufficient to pass the title. (Page 92.)

3.   Same—presumption of acceptance—rebuttal.—Though an acceptance of a deed by the grantee is essential to its validity, an acceptance may be inferred in the case of a deed that is beneficial to the grantee, and that imposes upon him no burdens; and such presumption, in the case of a deed from husband to wife, will not be overcome by proof that the wife did not know of the deed's existence until after the husband's death, since she might have known of his intention to convey, and have approved of same.  (Page 93.)

Appeal from Clark Circuit Court; Joel D. Conway, Judge; affirmed.

*J. O. A. Bush,* for appellant.

Though the recording of a deed is *prima facie* evidence of its delivery, yet it is not conclusive, and may be overcome by positive evidence that there was, in fact, no delivery.  18 Law. Ed. U. S. Sup. Ct. Rep. 262; *Ib.* 542; 19 N. J. Eq. 357; 49 N. J. Eq. 510; 161 Mass. 381; 105 Mass. 560; 19 Col. 371; 2 Houston (Del.), 246; 185 Ill. 101; 150 Ind. 465; 2 Am. St. Rep. 72; 35 Am. Rep. 166; 7 *Ib.* 554; 37 Am. Dec. 135; 14 *Ib.* 369; 63 *Ib.* 235; 31 *Ib.* 563; 13 L. R. A. 716; 65 S. W. 973; Tiedeman on Real Prop. § 812.

*C. C. Hamby,* for appellees

, Actual manual delivery is not necessary.  The intention of the grantor at the time the deed is executed controls.  21 Wall. (U. S.), 185-6; 2 Iredell's Eq. (N. C.), 360; 1 Devlin on Deeds, § 262, and citations; 2 Jones on Real Prop. § 1276.  Delivery is not necessary where the grantee is under disabilities, or is the beneficiary.  Tiedeman, Real Prop. § 814; Thornton, Gifts and Advancements, § § 174, 175; 63 Ark. 374; 25 Ark. 225. The conveyance being for the benefit of grantee, formal acceptance was not necessary; and knowledge by the grantee of its execution, prior to the death of the grantor, is not essential. 51 Ark. 530; 68 Pac. Rep. 607; 1 Devlin on Deeds, § 287, and citations.

Battle, J.  John Russell, William Russell, Frank Russell, and Walter G. Russell brought an action against Charlie May, Lula May, John Bell, and Martha Bell, to recover possession of certain lands.  They allege that William Russell was the owner of the lands in his lifetime; and that he died intestate on the 31st day of January, 1900, leaving them his only heirs, and Malissa

Russell, his widow, him surviving; and that Malissa Russell died sometime in September, 1900.

The defendants answered, and denied that the plaintiffs are the owners of the lands, or entitled to the possession thereof; and alleged that William Russell was the owner of the lands, but that he conveyed the same to his wife, Malissa Russell, on the 27th day of January, 1900, and departed this life on or about the 31st day of January, 1900; and that Malissa Russell died, leaving them, the defendants, her only heirs.

The issues were tried by the court, a jury being waived. The court found for the defendants, and rendered judgment in their favor for the land. No bill of exceptions was filed. The following is a copy of the judgment rendered:

"Come all the parties in person and by their respective attorneys, and, a jury being waived, the issues are submitted to the court, sitting as a jury, and the court, after hearing the evidence and argument of counsel, is of opinion and finds the facts to be as follows: That the plaintiffs are the only heirs at law of William Russell, deceased; that on the 27th day of January, 1900, the said William Russell was the owner in fee of the lands described in the plaintiffs' complaint, towit: the west half of the southwest quarter of section 32, township 8 south, range 22 west, in Clark County, Ark., and the north half of the northeast quarter of section 6, township 9 south, range 22 west, in Pike County, Arkansas; that on the said 27th day of January, 1900, the said William Russell executed two deeds conveying said lands to Malissa Russell, his wife; that, after signing and acknowledging said deeds, the grantor left them with the notary public before whom they were acknowledged, with instructions to have them recorded, and paid him the money to pay for the recording, and to give them to no one but himself, and stated that he would return in a few days and get them. The said William Russell died on the 31st day of January, 1900, and never returned for the deeds. The notary public, on or before the 30th day of January, 1900, mailed the deeds above referred to to the recorders of the proper counties for record, and they were received by the said recorders on the 6th day of February, 1900, and recorded on that day. After they were returned to the notary public, they were

on the 10th day of February, 1900, delivered by him to the grantee, Mrs. Malissa Russell. The said Malissa Russell did not know of the existence of the deeds until they were delivered to her by the notary public. The court finds that the said deeds are genuine, and not forgeries, and that it was the intention of the said William Russell, when he executed the said deeds and caused the same to be recorded, to convey to his wife, Malissa Russell, a good and perfect title to the said lands above described. The court further finds that the defendants are the sole heirs at law of the said Malissa Russell, and hold under her, and that the said Malissa Russell died in September, 1900.

"The court declares the law to be as follows: That, under the proof and facts in this case as are herein found, the making, acknowledging and having the deeds in question recorded vested a perfect title to the lands in controversy in the said Malissa Russell, and that the delivery of the deeds was sufficient to pass the title. That, the said Malissa Russell being the wife of the said William Russell, and the conveyances being beneficial to her, no formal acceptance thereof was necessary to pass to her the title, nor was it necessary for her to know of the conveyance before the death of the grantor.

"It is therefore considered, ordered and adjudged by the court that the defendant, Charlie May, is the owner and entitled to retain and keep the possession of the lands sued for herein, and that the plaintiff pay all of the costs of this action."

The plaintiffs appealed. They contend that the statement of facts made by the court in the judgment shows that there was neither a delivery of the deed by William Russell, nor an acceptance thereof by Malissa Russell, and that the deed was of no effect.

A delivery of a deed is essential to its validity. It cannot take effect without delivery, and what is a delivery depends upon the intention of the grantor. Any disposal of a deed, accompanied by acts, words, or circumstances which clearly indicate that the grantor intends that it shall take effect as a conveyance, is a sufficient delivery. 2 Jones on the Law of Real Property and Conveyancing, § § 1217-1224, and cases cited.

In this case the grantor and grantee were husband and wife. The court found from the evidence that the grantor intended to

convey the land to his wife by executing the deeds and causing the same to be recorded. It is evident that he did not intend to do a meaningless and useless act when he caused the deeds to be recorded. Being the husband. of the grantee, it was his duty to provide for her and protect her interests. Causing the deeds to be recorded and directing that they should be delivered to him was a discharge of that duty. The recording was *prima facie* evidence of delivery, and the order to deliver the deeds to him did not remove that presumption, as the court found from the evidence not shown in the record that it was his intention to convey to his wife a good and perfect title to the land. The order to deliver the deeds to him was not inconsistent with that intention, it being his duty to protect and advance the interests of his wife, and the order to deliver being appropriate means to that end.

An acceptance of the deed by the grantee is also essential to its validity. If it is beneficial to the grantee, and imposes upon him no burdens, an acceptance may be inferred. If it be executed in pursuance of a previous understanding with the grantee, and is beneficial to him, an acceptance is presumed. In this case the deed was unquestionably beneficial to the grantee. But it is said that she did not know of the existence of the deeds until after the death of her husband, and that this fact disproves the acceptance. This does not necessarily follow. The confidential relation of husband and wife existed between the grantor and grantee, and it would have been natural for him to inform her of his intentions in advance, and for his wife to express her approval; and it by no means follows that she did not accept because she did not know of the existence of the deeds until after the death of the grantor, which was on the fourth day after their execution.

Judgment affirmed.