GRAHAM *v.* SUDDETH.

Opinion delivered January 16, 1911.

1. DEEDS—SUFFICIENCY OF DELIVERY.—While delivery is essential to the validity of a deed, it is not necessary that there should be manual delivery; if it appears from the grantor's words or acts that he intended the instrument to take effect as a conveyance, it is sufficient. (Page 285.)

2. SAME—PRESUMPTION OF DELIVERY AND ACCEPTANCE.—The registration of a deed raises a presumption of its delivery to and acceptance by the grantee. (Page 286.)

3. SAME—HOW PRESUMPTION OF DELIVERY OVERCOME.—The presumption of delivery arising from the registration of a deed duly acknowledged and recorded can be overcome only by clear and decisive proof that the grantor did not part with the deed; and the mere fact that the grantor retained the deed in his possession is not sufficient to overcome such presumption. (Page 286.)

4. SAME—NECESSITY OF ACCEPTANCE.—In order to consummate a delivery of a deed, it is essential that there should be an acceptance of the deed by the grantee, but his acceptance will be presumed where the grant is beneficial to him. (Page 286.)

Appeal from Garland Circuit Court; *W. H. Evans,* Judge; reversed.

*Wood & Henderson,* for appellant.

1. The deed was constructively delivered. The recording of a deed is *prima facie* evidence of delivery to and acceptance by the grantee. 25 Ark. 225; Kirby's Digest, § 756. There is no evidence to rebut this presumption.

2. The facts and circumstances all show an intention to deliver and a constructive delivery. 75 Ark. 321; 52 S. W. 1028; 54 Pac. 162; 68 Pac. 607; 78 N. W. 647; 74 Ark. 104; 77 Ark. 89; 13 Cyc. 561, 568, 571, 534, 535, 748, etc.

3. The deed being to appellant's advantage, he will be presumed to have accepted. 77 Ark. 89; 67 N. E. 833; 3 L. R. A. 238; 78 N. W. 647.

FRAUENTHAL, J. This was an ejectment suit brought by Elizabeth Graham, the plaintiff below, against C. A. Suddeth to recover a house and lot in the city of Hot Springs. Both parties claimed title to the property from the same source: The plaintiff by a deed executed to her in 1905 by James Burden, and the defendant by a deed executed by the same grantor to him

in 1908. It appears that James Burden was a native of England, and had lived in the city of Hot Springs, Arkansas, a number of years, where he acquired the property in controversy and occupied it as his home until his death in May, 1908. His nearest relatives were the plaintiff, who was his niece, and her father, both of whom were residents of England. From letters introduced in evidence it appears that he was devoted to his brother and his family, and assisted them at times by sending them money. In January, 1905, he wrote that he intended to deed to the plaintiff property of the value of 200 pounds, and that he would gladly deed all that he had to her, but that he would retain one piece of property for the reason that he could not then sell it, and that he desired to sell this piece of property in order to obtain money which he might need. He owned two lots in Hot Springs, and subsequently sold one of them. On December 15, 1905, he executed a deed by which he conveyed to the plaintiff the property involved in this suit, and on the same day duly acknowledged and delivered it to the recorder of Garland County for record, which was done. In the deed it was stated that the consideration thereof was "the sum of one dollar and the love and affection which I bear my niece, Elizabeth Graham." This deed was subsequently turned over to Burden, the grantor, and in 1908 was by him turned over to the defendant, in whose possession it was at Burden's death.

On December 24, 1907, James Burden wrote to plaintiff, asking a remittance of twenty pounds and also asking what were her wishes as to the house and lot, stating that he had the deed and insurance papers therefor and asking advice as to the disposition thereof. In the same letter he suggested that he thought it best to leave the property in an agent's hands, and that he would appoint defendant as such agent. In January, 1908, the plaintiff wrote to her uncle acknowledging receipt of the last above letter, and sent the money requested, and suggested that it might probably be best to send the deed and insurance papers to her. About that time or in December, 1907, Burden became quite ill, and the defendant and his family waited on him until his death, which occurred on May 31, 1908. The defendant testified that he took care of Burden for about two or three months.

On May 4, 1908, Burden executed a deed to defendant for the property in controversy, and in said deed it is stated that the consideration was $500; but as a matter of fact defendant gave nothing to Burden except his care and what he claimed that he paid for medicine and medical attention, which he estimated amounted to $100. At the time Burden executed this last deed defendant knew that he had executed the deed to plaintiff for this property, and he testified that Burden told him to burn it, but he did not do so. This is substantially all the evidence adduced upon the trial of the case. The jury returned a verdict in favor of defendant.

Upon the trial of the case the court gave a number of instructions to the jury which we think correctly presented to them the law applicable to this case, and the question therefore involved on this appeal for determination is whether or not there was sufficient legal evidence to sustain the verdict returned by them. The determination of that question depends upon whether or not the undisputed evidence shows that there was a delivery of the deed executed by James Burden to plaintiff in 1905. There was no testimony introduced proving or tending to prove that Burden at that time owed any debts, or that he executed said deed to defeat the collection of any debt that he might subsequently incur. He had therefore the right to make a voluntary conveyance of this property to the plaintiff.

A deed is defined to be "a written instrument signed, sealed and delivered;" and it is essential to the validity of a deed that there should be a delivery of the instrument. But in order to constitute a sufficient delivery thereof it is not necessary that there should be an actual manual transfer thereof to the grantee or a formal acceptance thereof by him. The question of a delivery of a deed is largely one of intent; and if it clearly appears from the words or acts of the grantor that it was his intention to treat the instrument as his deed and to make a disposal thereof, indicating that it should be effective, then the delivery is sufficient. As is said in the case of *Russell* v. *May,* 77 Ark. 89: "Any disposal of a deed, accompanied by acts, words or circumstances which clearly indicate that the grantor intends that it shall take effect as a conveyance, is a sufficient delivery."

The registration of a deed raises a presumption of the de-

livery to and acceptance by the grantee thereof. It is evidence of a most cogent character tending to show delivery. It is a solemn proclamation to the world that there has been a transfer of the title to the property from the grantor to the grantee, of which our law makes every one take notice. 1 Devlin on Deeds, § 392; 13 Cyc. 567; *Hedge* v. *Drew,* 12 Pick. 141; *Robbins* v. *Rascoe,* 120 N. C. 79; *Snider* v. *Lackenour,* 38 Am. Dec. 685.

A deed signed, acknowledged and recorded, is complete and valid, although there is no evidence of a formal delivery thereof; and the presumption of delivery arising therefrom can only be overcome by clear and decisive proof that the grantor did not part and did not intend to part with the possession of the deed. The weight of authority is that a deed, thus executed and recorded, is valid and effective to pass title, although retained by the grantor in his possession. The mere fact of his retaining it in his possession is not sufficient to show that it was not intended to be absolute. *Adams* v. *Adams,* 88 U. S. 185.

In the case of *Ledgerwood* v. *Gault,* 2 Lea 643, it is said: "In the case of an ordinary deed of conveyance, the retaining possession of the deed by the grantor would be a strong circumstance against the presumption of delivery; but even in such case it would not be conclusive, as a delivery does not necessarily consist in the actual manual transfer of the paper from the one party to the other. If the deed be fully executed and witnessed, and nothing further remains to be done by either party as a condition upon which it is to take effect—in other words, if the circumstances all indicate that it was the intention of the parties that the deed was to take effect—then the delivery will be regarded as complete, although the actual custody remains with the grantor."

In order to fully consummate a delivery, it is essential that there should be an acceptance of the deed by the grantee. But it is the rule of law that the acceptance thereof will be presumed where the grant is beneficial to the grantee. *Russell* v. *May, supra.*

In the case of *Snider* v. *Lackenour,* 38 Am. Dec. 685, it was held that where a grantor executes a deed in the absence of the grantee, and has it recorded, this amounts to a delivery, although the grantee never had it in his actual possession; and

in such a case formal acceptance is not necessary. See also *Holmes* v. *McDonald,* 78 N. W. 647; In re *Dunlap,* 94 Mich. 11.

In the case at bar, therefore, we have the presumptive delivery of the deed by James Burden, the grantor, and the presumptive acceptance thereof by plaintiff, the grantee. Such presumptions are rebuttable, but they must be rebutted by clear and decisive evidence, before the operative effect of such a deed can be defeated. There was no testimony showing that Burden did not intend that the deed which he executed to his niece, the plaintiff, and which he had recorded, should not be effective to pass to her the title to the property in controversy, or that she did not accept same. On the contrary, the undisputed evidence is that Burden contemplated conveying this property to his niece long before he executed the deed therefor, and that he wrote to plaintiff asking her what disposition to make of the deed after he had executed it. The undisputed evidence shows that Burden was holding the deed for the plaintiff, and that he intended to pass and did pass the title to the property to her by the execution and registration of the deed. The evidence further shows that he informed plaintiff of the execution of the deed, and that she by letter suggested that he send it to her, thus showing her acceptance of it.

We are therefore of the opinion that the undisputed evidence adduced upon the trial of this case showed that Burden executed to the plaintiff a deed to the property involved in this suit in 1905, and that there was a sufficient delivery thereof which passed the title thereto to her. After that he could not convey a title to the property to the defendant.

There is not sufficient evidence therefore to sustain the verdict of the jury. For this reason the judgment is set aside, and the cause remanded for a new trial.