JOHNSON *v.* YOUNG MEN'S BUILDING & LOAN ASSOCIATION.

4-2996

Opinion delivered May 8, 1933.

434

*Basil Baker* and *E. L. Westbrooke,* for appellant.

*Chas. D. Frierson* and *Charles Frierson, Jr.;* for appellee.

JOHNSON, C. J., (after stating the facts). It is apparent from the foregoing statement of facts that but one question is presented here for determination, namely: Was there a delivery and acceptance of the deed dated January 12, 1923, from C. W. Claunch and wife to their son, C. L. Claunch?

The acceptance of the deed in the instant case will be presumed because the grant is beneficial to the grantee, and, in addition to this, his father or mother could have accepted the grant for him, the grantee then being a minor. *Graham* v. *Suddeth*, 97 Ark. 283, 133 S. W. 1023.

This court has clearly stated the rule in reference to the delivery of a deed as follows:

"Any disposal of a deed accompanied by acts, words or circumstances which clearly indicate that the grantor intends that it shall take effect as a conveyance is a sufficient delivery." *Russell* v. *May*, 77 Ark. 89, 90 S. W. 617.

The facts and circumstances in the instant case are to the following effect:

C. W. Claunch and wife had but one living child, the grantee in the deed of January 12, 1923. The wife and mother owned and contributed towards the purchase of this property equally with her husband. A very valuable portion of the property was owned by them under conveyances which effected an estate by the entirety. The mother and father desired to avoid the consequences of this estate by executing a deed to their only child, thereby preventing either survivor taking the title in the event of death.

It is perfectly evident that the mother joined in this deed with the specific intent of vesting a present title in the son because she could have had no other reason for executing the deed. She owed no debts at the time the deed was executed, and owed no debts at the time of her death in January, 1931. She had told her son of the deed and of her wishes on many occasions and had so advised her husband. The husband stands in no different light except he contracted certain surety liabilities beginning in 1928, some five years after the execution of this deed.

It is insisted on behalf of appellant that the retention of the deed by the grantors destroys their apparent

intention of delivery. This is not the case. It was the purpose of the grantors to retain possession of the property until the death of one or the other of them. This is not always inconsistent with the grant or intention of delivery of the deed.

This court held in *Cribbs* v. *Walker*, 74 Ark. 104, 85 S. W. 244, quoting from the fourth headnote:

"The fact that a deed was found among the effects of the grantor at his death raises no presumption against delivery if the grantor reserved an interest in the property conveyed, and therefore had an interest in the preservation of the deed."

Since the grantors had the intention and purpose of retaining the possession of the property until the death of one or the other of them, they had the right to retain the deed to effectuate this purpose.

It is next insisted by appellant that the failure to have the deed recorded is fatal to the presumption of delivery. We cannot agree to this. This court held in *Irwin* v. *Dugger*, 142 Ark. 104, 218 S. W. 177, quoting from the fourth headnote:

"The mere facts that a debtor did not record a deed to him of land, and that his wife and son did not record deeds from him, are not of themselves sufficient evidence of fraudulent purpose as to constitute fraud in law, but are circumstances tending to impeach the want of good faith of the parties."

The recording of the deed in the instant case might have defeated the purpose of the grantors in retaining possession and control of the property until the death of one of them, and we think a fair explanation of it.

It is next insisted that the continued possession and control of the property by the grantors and their lease of the property for a term of years nullifies the apparent intention of delivery. Neither can we agree to this. Their continued possession and control was nothing more nor less than the enjoyment of the estate retained by them or which was intended to be retained and enjoyed.

No error appearing, the decree is affirmed.