BROWN *v.* BROWN.

4-8485                                                        209 S. W. 2d 289

Opinion delivered March 15, 1948.

*Jameson & Jameson,* for appellant.

*Rex W. Perkins* and G. T. Sullins, for appellee.

SMITH, J. Appellants are the children and heirs at law of R. T. Brown, and appellee is the widow of their father and is their step-mother. Appellants brought this suit to cancel a deed executed by their father on August 30, 1946, to appellee, and as grounds for that relief, alleged, (1) that the grantor was mentally incapacitated by illness to execute the deed, and (2) that the deed was not delivered. The relief prayed was denied, and from that decree is this appeal.

The grantor was a patient in the hospital in the City of Fayetteville, when he executed the deed, and testimony was offered tending to show that because of his illness he was mentally incapable of executing the deed. Testimony to the contrary was also offered, and as this testimony is not abstracted, it will be conclusively presumed that the testimony supports the finding of the Chancellor on this issue of fact. Indeed that finding is not questioned.

It is an undisputed fact that the deed was signed and acknowledged, but it is insisted that the deed was not delivered. On this issue, the notary who is also a practicing attorney, testified that he received a call to come to the City Hospital. On arriving there he met a lady who introduced herself as Mrs. Brown, who told him that she wanted him to take the acknowledgment of a deed to her from her husband.

Only Mr. and Mrs. Brown and a Mr. Curry were present. When witness went into Mr. Brown's room he found Mr. Brown in bed with his hands bandaged so that he could not write. The nurse released the bandages and Mrs. Brown handed witness the deed with the request that he read it to Mr. Brown, as Mr. Brown did not have his glasses. Mrs. Brown handed Mr. Brown his glasses. Witness read the deed to Mr. Brown several times as he did not understand the *habendum* clause. This he read the third time, and after some discussion Mr. Brown signed the deed. It was discussed that the deed conveyed Mr. Brown's farm. After Mr. Brown had signed the deed he handed it to witness, who took it out in the hall to complete the acknowledgment, and Mrs. Brown requested the witness to keep the deed until she came for it. Mr. Brown gave the witness no instructions. The deed was called for and delivered about two weeks later. Witness was in the room about 30 minutes and when the acknowledgment was taken Mrs. Brown paid him his fee. The deed was acknowledged August 30, 1946, and Mr. Brown died March 17, 1947.

Curry, the other party present when the deed was signed, testified that the notary explained the deed thoroughly and read it three times. He saw Mr. Brown sign the deed, but did not hear him give any instructions about it.

It is essential to the valadity of a deed not only that it be executed, but it is required also that it be delivered. In the case of *Cleveland* v. *Breckenridge,* 173 Ark. 387, 292 S. W. 377, Justice Wood cited a number of our earlier cases in support of the following statement of the law: "Whether or not there has been a delivery of a deed depends upon the intention of the parties as manifested by their acts and words. The grantor, by his acts or words, or both, must have manifested an intention to pass the title to the grantee and the grantee must have intended to accept such deed in order to constitute a valid delivery and conveyance of title."

Now while the grantor must have delivered the deed with intention of passing the title to the property which

it described, it is not essential that the delivery be made to the grantee personally. It suffices if the delivery is to another for the grantee's benefit.

When Mr. Brown signed the deed he gave it to the notary, who was told in the presence of Mr. Brown, by Mrs. Brown, to keep the deed until she called for it. We think the testimony warranted the finding that there was a delivery of the deed after its execution, to the notary for Mrs. Brown, and if this is true there was a valid delivery of the deed, and the decree must be affirmed, and it is so ordered.