**WERBE et al. v. HOLT.**

Civ. 959.

United States District Court

W. D. Arkansas, Fort Smith Division.

Oct. 6, 1951.

See also, D.C., 98 F.Supp. 614.

Edgar E. Bethell, Fort Smith, Ark., O. E. Williams, Fayetteville, Ark., for plaintiffs.

Lee Seamster, Rex W. Perkins and Price Dickson, all of Fayetteville, Ark., for defendant.

JOHN E. MILLER, District Judge.

### Statement

On April 19, 1951, the plaintiffs filed their complaint against the defendant in which they alleged that prior to June 4, 1948, Frederick C. Werbe was the owner of certain real property situated in the City of Fayetteville, Arkansas, and on that date he executed and acknowledged before A. P. Eason, a Notary Public in and for Washington County, Arkansas, a warranty deed by which he conveyed the property to the plaintiff, Earl Werbe; that said deed was delivered to and accepted by the plaintiff, Earl Werbe, on or about June 23, 1948. A copy of the deed was attached to the complaint and, while the deed is dated May 4, 1948, it was not signed and acknowledged until June 4, 1948.

That the deed, although duly executed and delivered to the plaintiff, Earl Werbe, and accepted by him, was not placed of record and that on July 10, 1948, the plaintiff, Earl Werbe, returned the deed through J. R. Crocker to the said Frederick C. Werbe for the purpose of having the deed placed of record in Washington County, Arkansas, but that the deed was never recorded nor returned to the plaintiffs.

That Frederick C. Werbe died on October 21, 1948; that for several years prior to his death he had employed the defendant, Mrs. Jessie Holt, as his housekeeper

and she resided with him on the property; that after the death of the said Frederick C. Werbe, defendant offered and had admitted to probate in the Probate Court of Washington County, Arkansas, an instrument purporting to be the last will and testament of the said Frederick C. Werbe in which the real property along with other property was devised and bequeathed to the defendant; that, since the death of the said Frederick C. Werbe, the defendant has remained in possession of the property claiming to be the owner thereof.

That the plaintiffs are the legal owners of the property and entitled to immediate possession of same and for a recovery of a reasonable rental for the property since the date of the death of the said Frederick C. Werbe.

The prayer of the complaint was that the deed by which the said Frederick C. Werbe conveyed the property to the plaintiff, Earl Werbe, be established; that the plaintiffs be decreed to be the legal owners of said property and entitled to possession thereof and that they recover of the defendant the reasonable rental value of said premises.

To this complaint, the defendant, on July 13, 1951, filed her answer in which she denied that Frederick C. Werbe, prior to June 4, 1948, was the owner of the property and further alleged that, prior to that date, the said Frederick C. Werbe had contracted to convey the property to the defendant in payment for her services in staying with and caring for him during his lifetime and for caring for the wife of said Frederick C. Werbe during her lifetime; that the defendant had performed all the services required of her by said contract and had lived in the house on the property for more than fourteen years and that, on June 4, 1948, she was in possession of the said house under said contract; that she continued to live in said house and care for the said Frederick C. Werbe after June 4, 1948, until his death on October 21, 1948, and that she had, therefore, paid the full purchase price for said property; that, in compliance with the contract, the said Frederick C. Werbe on July 13, 1948, executed, acknowledged and delivered to

her a deed conveying the property and that said deed was recorded on July 16, 1948, in Recorder's Office of Washington County, Arkansas, and that she is now the owner of said property.

She denied that the deed alleged to have been executed by the said Frederick C. Werbe to the plaintiff, Earl Werbe, on June 4, 1948, had been delivered to the said grantee and accepted by the grantee; that the said plaintiff, Earl Werbe, gave no consideration for said deed and that the same was executed at a time when the defendant was in possession of the said premises under a contract of purchase from the deceased and that the said plaintiff, Earl Werbe, well knew of the defendant's rights in and to said property; that the said plaintiff, Earl Werbe, did not return the deed received by him to the said Frederick C. Werbe for the purpose of having the same placed on record and that said deed was never recorded and had no force or effect whatsoever.

Paragraph 5 of the answer is as follows: "Defendant admits that Frederick C. Werbe died on October 21st, 1948, but denies that she is claiming said real estate under the will of the said Frederick C. Werbe, but states the facts to be that she claims and owns said real estate by reason of a deed from said Frederick C. Werbe as herein above set out."

The defendant denied that the plaintiffs are the legal owners of the property or that they have any rights therein.

The case came on for trial to the court on August 20, 1951, and at that time the parties agreed in open court that the cause should be submitted upon the record of the testimony introduced by the respective parties in the trial of a case in the Probate Court in and for Washington County, Arkansas, on October 12, 1949, wherein the plaintiff, Earl Werbe, and certain interveners were contesting the probate of an instrument purporting to be the last will and testament of Frederick C. Werbe, dated July 13, 1948.

The testimony introduced in that case appears in the Transcript of the Proceedings which the court has designated as

No. 1. At the conclusion of the trial before the Probate Court, a motion for judgment for the contestee, Mrs. Jessie Holt, was sustained and the contest of the alleged will was dismissed.

There was an appeal to the Supreme Court, and the judgment of the Probate Court was reversed on the ground that the testimony introduced by the contestants was sufficient to be considered by the court and that the demurrer filed by the contestee to the evidence should have been overruled. Werbe v. Holt, 217 Ark. 198, 229 S.W.2d 225.

Upon a remand by the Supreme Court, further proceedings were had in the Probate Court and a great deal of testimony was introduced in support of and in opposition to the petition of the contestants. The petition to contest alleged that the instrument had been executed by the said Frederick C. Werbe through undue influence exerted upon him by the present defendant, Mrs. Jessie Holt, and that the instrument was not executed freely and voluntarily by the said Frederick C. Werbe.

At the conclusion of the second trial, the court entered a decree dismissing the contest of the will. There was an appeal to the Supreme Court and, on February 26, 1951, the Supreme Court affirmed the decree of the trial court. Werbe v. Holt, Ark., 237 S.W.2d 478.

The testimony that was introduced in the second trial was presented to the court and designated as Transcript No. 2.

Thus the court by stipulation of the parties heard no oral testimony upon the issues before it and, after such stipulation was announced, the case was submitted and the attorneys for the respective parties were requested to file abstracts of the testimony and briefs and arguments in support of their contentions. This has been done and the issues have been fully presented to the court in that manner, and, in addition thereto, the court has examined and read the transcripts of the testimony, and now makes and files herein its Findings of Fact and Conclusions of Law, separately stated.

## Findings of Fact

### No. 1

The plaintiffs, Earl Werbe and Lou Werbe, are citizens and residents of the State of Indiana. The defendant, Mrs. Jessie Holt, is a citizen and resident of the State of Arkansas. The property involved herein is located in the City of Fayetteville in Washington County within the Western District of Arkansas and its value is in excess of $3,000, exclusive of interest and costs.

### No. 2

The property was purchased by Frederick C. Werbe in 1931 and occupied by him and his wife as their home until the death of his wife in 1944. After the death of Mrs. Werbe, the said Frederick C. Werbe continued to occupy the property as his home until his death on October 21, 1948.

Mr. Werbe was employed by the University of Arkansas until about June, 1947, when he was compelled to retire because of ill health. His retirement from his employment by the University occurred approximately three years after the death of his wife.

### No. 3

On March 21, 1934, the defendant received a letter from Mrs. Werbe and as a result of that letter she began work for Mr. and Mrs. Werbe soon thereafter. Mrs. Werbe lived nine years and eleven months after the defendant began working for them and Mr. Werbe, as above stated, lived until October 21, 1948.

The defendant, Mrs. Holt, testified that when she went to the Werbe home Mr. and Mrs. Werbe agreed that everything that they had should belong to her; that at that time Mr. Werbe was receiving a salary of $150 a month and could not pay her very much. That for ten years they didn't pay her any salary. That she became dissatisfied and Werbe advised her that if she would stay he would pay her $40 a month and, in addition, leave all of his property to her; that she did practically all the work required of a housekeeper and, in addition

thereto, nursed both Mr. and Mrs. Werbe during their illness. It does not appear from the testimony just when the contract was entered into between the Werbes and the defendant, if one was in fact entered into. No written agreement was entered into and, soon after the defendant went into the Werbe home, her son also moved to the home and acquired his education by attending the University of Arkansas. No charge was made for his board and room, but the record does not show definitely how long he remained there but he was a member of the household for sometime. Also, during the time the defendant worked for a few weeks in two other places and, during that time, the defendant's mother was in the Werbe home and she apparently did most of the required work.

Several witnesses testified that Frederick C. Werbe stated to them at various times and places that he intended for Mrs. Holt to receive his property. On the other hand, there were witnesses who testified that Frederick C. Werbe stated to them that he intended for the plaintiff, Earl Werbe, to have his property.

### No. 4

The plaintiff, Earl Werbe, was taken into the home of Frederick C. Werbe and Mrs. Werbe when he was between seven and eight years of age. He was reared by them as their son and took their name and remained with them until he was seventeen years old, when the Werbes moved from Madison, Indiana, to Fayetteville, Arkansas, where Mr. Werbe began work at the University of Arkansas. The plaintiff was regarded by Frederick C. Werbe as a son and in 1947 Frederick C. Werbe commenced a proceeding in Madison, Indiana, which resulted in the legal adoption of the plaintiff, Earl Werbe, as his son. After the removal of the Werbes to Fayetteville the plaintiff visited them at various times, particularly during the first few years of their residence in Fayetteville. He would remain three or four days during each visit. After the death of Mrs. Werbe, he did not visit his father at Fayetteville although his father visited him, the last such visit being in 1947. The last trip of plaintiff, Earl

Werbe, to Fayetteville on a visit was prior to the death of his mother. After that time, because of the curtailment of travel and because of his work, he did not visit them. On his last visit he was not invited to stay at the home and he and his family stayed at a tourist court. Apparently, the defendant did not want the plaintiff or his wife or any of his children to visit Mr. Werbe, especially after the death of Mrs. Werbe in 1944, and she had made their casual and rare visits very unpleasant. During the years there was a great deal of correspondence between Frederick C. Werbe and the plaintiffs. The letters were introduced in evidence and disclose the relationship that existed between Frederick C. Werbe and the plaintiffs. Many of the letters contain no relevant statements of facts bearing upon the issues in this case while many of them do and will be referred to hereinafter.

### No. 5

Over the period of several years, Mr. Werbe made several wills in which he left all of his estate except small items of personal effects to the defendant, Mrs. Holt. During this time, Frederick C. Werbe became acquainted with Mr. J. R. Crocker, an attorney at law who lived in Fayetteville. Mr. Crocker and Mr. Werbe both belonged to the same fraternal organization or organizations and, while apparently Mr. Crocker was not retained as an attorney by Mr. Werbe, yet Mr. Werbe did discuss various matters with him. They became friends and Mr. Crocker often parked his automobile in the Werbe driveway and on one occasion he took Mr. Werbe riding in the automobile. About that time Mr. Werbe handed him an instrument purporting to be a will and stated that he would like to have it witnessed. The will was redrafted by Mr. Crocker and he and Mr. A. P. Eason, who is engaged in the insurance business in Fayetteville, went to Mr. Werbe's home at his request in order that the redraft of the will might be signed and witnessed. At about that time, Mr. Werbe advised Mr. Crocker that he wanted to convey the property in Fayetteville to his adopted son. He advised Mr. Crocker of the name of the adopted son

who lived in Madison, Indiana. Mr. Crocker prepared a deed and he had the deed with him at the time he and Mr. Eason went to the Werbe home in order that Werbe might execute the will. The will and deed were executed on that date and the deed was acknowledged before Mr. A. P. Eason, who was a Notary Public. Mr. Werbe gave him (Crocker) instructions as to the disposition of the deed and will. This was on June 4, 1948. At about that time, Mr. Werbe requested Mr. Crocker to obtain a lock box in the McIlroy Bank and Trust Company and handed him a small chamois skin bag with certain items therein. He said he had some gold coins in it and a watch. He wanted the bag and its contents placed in the lock box.

## No. 6

The deed that was executed by Frederic C. Werbe and acknowledged before Mr. A. P. Eason conveyed the property to the plaintiff, Earl Werbe, and contained the usual covenants of warranty. The will that was executed on that date devised and bequeathed all the residue of his estate, real, personal and mixed, wherever situated, to Earl Werbe, after the payment of debts and certain specific bequests including a $200 bequest to the defendant, Mrs. Jessie Holt.

A few days after the will in favor of Earl Werbe and the deed to him had been executed, Mr. Werbe, on June 12, 1948, wrote the plaintiffs as follows:

"Hello Kids

"I wrote you a letter on yellow paper so she could see it don't pay any attention to it at all. I made a new deed & will they are in the *McEllory* Bank Box Now this is the attorney I had & I want you to *rite* him. should I die here the will will have to be gone through this court. & I have to get this deed to you while living Mr. J. R. Crocker *rite* him soon Eason *Bilding*—here as you get this.

"I am sure sick can't walk or set up very long at time. Do all your special letters to him he is a Mason. & I'll get. otherwise she will get hold of them.

"Did the boys pass.

"Send me some papers. & *rite* as I can't."

Later written instructions were given by Mr. Werbe to Mr. Crocker as follows:

"To Earl Werbe
935 W. Main St.
Madison,
Indiana
"Send will & deed to him.
tell him to keep will & send deed back to you immediately to have recorded.
"Bring gold coins in sack here to me & put abstract & old deed in my box.
"I'll pay all expenses *incured* in this. send papers by mail special Del.
"(Signed)   F. C. Werber"

On June 23, 1948, Mr. Crocker wrote the plaintiff, Earl Werbe, as follows: "At the request of Mr. F. C. Werbe of this city I am enclosing executed will of Mr. Werbe and warranty deed. He requests that you retain the will in some secure place and return the deed after you have examined it. The deed is to be returned direct to me. If you desire to write Mr. Werbe about the will or deed I suggest that you send your letter in my care and I will deliver it to him personally."

Mr. Crocker testified that Mr. Werbe on numerous occasions requested that he not call on him unless he was called; that for some reason he wanted him (Crocker) to come in the absence of his housekeeper. At the time Mr. Crocker obtained the lock box for him, it was necessary for Werbe to sign a card and the card was taken to his home. At that time Mrs. Holt was present and she demanded to know why he was there. She appeared to be very much disturbed and told Mr. Werbe that "Mr. Dickson represents you," and that "you don't need any other attorney." For the next few days Mrs. Holt, the defendant, called the home of Mr. Crocker every day and annoyed Mrs. Crocker and his daughter very much about getting the deed back from the plaintiff, Earl Werbe. Mrs. J. R. Crocker corroborated this testimony and there does not appear to be any doubt but that, after the defendant learned of the execution of the deed to the plaintiff, she became very busy and insisted that the

deed be returned immediately. Mrs. Holt was so insistent that, finally, Mr. Crocker went to Mr. Dickson's office in Fayetteville and called the plaintiff, Earl Werbe, on long distance telephone and asked him to return the deed. After the telephone conversation, the plaintiff, Earle Werbe, returned the deed and wrote Mr. Crocker on June 29, 1948, as follows:

"Received your letter and both Deed and Will. After having looked them over I find them to be in order.

"I do not know if my Father is getting the proper care or not. Any information you might give me would be appreciated.

"I think that the Deed should be recorded. I am returning it to you in this letter.

"Also you will find a letter enclosed for My Father.

"Please see that he gets it *personally*. No one else.

"Thanking you for your interest and hope to hear from you again."

After Mr. Crocker had obtained the lock box and had sent the deed and the will to the plaintiff, Earl Werbe, he thought it best to obtain a statement from Frederick C. Werbe, evidently because of the actions of the defendant in threatening to have Mr. Crocker arrested and demanding that the deed and will be obtained from the plaintiff, Earl Werbe, and on June 23, 1948, Mr. F. C. Werbe executed the following receipt of instruments:

"Received of J. R. Crocker, two keys to my lock box at McIlroy Bank and package of valuables in small leather bag which had been deposited in my lock box as aforesaid which is box No. 288.

"The lock box was obtained at the McIlroy Bank for me by J. R. Crocker and at my request he withdrew from my said lock box my last Will and Testament and one certain Warranty Deed executed by me on May 4, 1948 in which parts of Lots 7 and 8 in Block 12 in the city of Fayetteville, Arkansas were conveyed to Earl Werbe, and at my request and direction the said Will and Deed have been forwarded to Earl Werbe, 935 West Main St., Madison, Ind. by the said J. R. Crocker, my attorney."

Mr. Crocker, after the deed had been returned to him by the plaintiff, Earl Werbe, and in accordance with his request, delivered the same to Frederick C. Werbe and, on that date, July 10, 1948, Frederick C. Werbe executed the following instrument:

"I hereby make formal demand upon J. R. Crocker, attorney at law, in Fayetteville, Arkansas, to return to me one certain warranty deed executed by me on May 4, 1948 in (which) I conveyed to Earl Werbe a certain tract of land situated in Washington County (Fayetteville) Arkansas which deed was acknowledged before A. P. Eason, as Notary Public on June 4th 1948. A true copy of the deed is attached hereto.

"And I, Frederick C. Werbe do on this date acknowledge the delivery of said deed to me by the said J. R. Crocker.

"Witness my hand this 10th day of July 1948"

On May 8, 1948, evidently after Frederick C. Werbe had directed Mr. Crocker to write the deed, since the deed is dated May 4, 1948, he wrote the plaintiffs a letter in which he stated:
"Dear Son & Daughter,

"I wrote you several days ago but have received no answer.

"You can *rite* to Frank Smiley & he probably safer as he will tell no one.

"Enclosed find check for head stone & keep the*r* receipt after Luella looks it over & see that it is all O.K.

"I wanted to wait until it got a little warmer before I ventured up there & that you sure wanted me now it will give Louella a little more work. but I don't expect to come for nothing.

"It is rather cool here today & has been for a week had a good rain the other day.

"I had another will made out also deed to this house as she stole the others

"When I move Earl will have to come & crate up what he thinks I ought to take as I just can't do anything much at all.

"Flower are doing fine

"Hoping to hear from you soon but be careful what you *rite* as you can *rite* anything to Smiley he will give me the letter."

During the evening of the same day that Mr. Crocker called the plaintiff, Earl Werbe, and asked him to return the deed, Mr. Werbe called his father at Fayetteville in which his father stated that he would like to have the deed back. While he was talking to his father, the defendant, Mrs. Holt, took over the conversation and told him that, if the deed was returned, she would see that the deed was recorded.

A neighbor of the Werbes, Mr. Smiley, heard a part of this conversation and corroborates the plaintiff, Earl Werbe, to some extent as to the contents of it.

## No. 7

There can be no doubt about the situation that existed in the Werbe home at Fayetteville and, after the death of Mrs. Werbe, the defendant was very active and to a certain extent domineering. As early as August 16, 1946, Mr. Werbe thought it necessary to make a statement about his relationship with the defendant, Mrs. Holt, and, in a letter written on that date to the plaintiffs, he inclosed the following statement:

"From 1934 to 1946. Aug 16 –45

"To Whom it may concern.

"Miss Madaline Cate working for me in Mar. 1934 at $3.00 a week.

"Mrs. Jessie Holt came to me by reference of Dillard Drake. she said she would take the job if I would agree to pay her Dr. bills & drug bills and buy her some clothes. I agreed & she came here in Mar. 1934 by her self but after a few weeks she brought her son over and rented a room so I had to pay her room rent & furnish something for him to eat & fuel.

"I paid her Dr. bills which amt. to about $4 a month. & drug bills which was about $5 a month also bought her clothes dresses coat & all coat at Boston Store $40 dress & coat at Monk. Ward at coat $40 suit $16. other dresses & slips & shoes hose & c. at Penney's & Coleman's shoe store.

"drugs at Red Cross.

"Dr. Miller & Richardson.

"Helped her son through common school High school & 1½ years at College College cost $275.

"Pd. Mrs. Holt operation or part of it $125. Pd. her fare to see her son in East $45. to Neb. $18.

"After her son joined army she demanded $1. a day in about 2 months she asked $40. a month.

"Her son did not contribute one cent towards her support or to the cost of operation the house he had his meals & all here at the house & then he taught a few weeks in Evansville Ark. & I paid his and his wife's board down there & I boarded his wife when he was in the army for $3 a week she worked but failed to pay the $3 only paid about $6 all togeather. I paid long distance Phone call for his mother awhile but they got to high so I quit.

"This is a correct statement up to Aug 1946. & she has nothing coming at all from me I paid her more than the agreements. & her son was not to come here at all.

"Signed

Fred'k C. Werber

"You must keep this as she may give you trouble after I am dead.

FCW."

## No. 8

At the conclusion of the first trial on the contest of the will that was offered for probate by the defendant, Mrs. Holt, and during a discussion between the attorneys and the Judge of the Probate Court, the court made the following statement: "And of course the deed was delivered to Mr. Earl Werbe for his inspection, and he sent it back to his father, at his father's request. Delivery of the deed is essential, it's not just a matter of turning it over for inspection purposes."

Whereupon, Mr. Williams, one of the attorneys for the contestant (Earl Werbe) stated: "We don't claim that he got it by reason of the deed. We claim that last will was given by undue influence."

Mr. Crocker, another one of the attorneys for the contestant, said: "That deed was returned to Mr. Frederick C. Werbe by Mr. Earl Werbe through fraud and deception."

The court then stated: "But the grantor could have changed his mind and the way I understand it—"

Then Mr. Williams interjected: "It is our contention that undue influence was exerted."

### No. 9

During the second trial, Mr. Crocker further testified that Mr. Frederick C. Werbe requested that the deed to Earl Werbe be not recorded until after his death and that, after Frederick C. Werbe requested him to obtain a return of the deed, he advised him that he wanted to obtain the consent of Earl Werbe to return the deed and will to him (Mr. Frederick C. Werbe). Mr. Crocker never saw Mr. Frederick C. Werbe after he returned the deed to him. The deed was delivered to Frederick C. Werbe by Mr. Crocker and by Mr. Price Dickson, an attorney who the defendant, Mrs. Holt, stated represented Mr. Werbe, and Mr. Dickson testified that, when the deed was handed to Mr. Werbe by Mr. Crocker, Mr. Werbe took the deed and tore his signature out and the acknowledgement off of it.

### No. 10

As heretofore stated, this court did not hear any of the witnesses testify and has been compelled to determine the facts from an examination of the record of the testimony in the two former trials involving the contest of the will that Frederick C. Werbe executed in favor of the defendant, Mrs. Jessie Holt, on July 13, 1948, which is the same date that Frederick C. Werbe executed and delivered a warranty deed to Mrs. Holt. The attorneys for the respective parties have been very helpful in abstracting the record, and the statements of the attorneys as to their version of the facts have been carefully considered, and the statements made in the abstract of the testimony have been verified by an examination of the record. The examination of the record has convinced the court that Frederick C. Werbe executed the deed to the plaintiff, Earl Werbe, on June 4, 1948; that he directed that it be delivered to the plaintiff and fully realized that it was necessary that the deed be delivered while he was living, and he wrote the plaintiff, Earl Werbe, on June 12, 1948, that:

"I have to get this deed to you while living."

It is true that Earl Werbe returned the deed, but it was returned for the purpose of having it recorded and not because he did not accept the delivery. Frederick C. Werbe desired that the deed be sent to Earl Werbe as was done and his request for its return was evidently prompted by the insistence of the defendant.

### No. 11

At the time Frederick C. Werbe instructed Mr. Crocker to forward the deed to the plaintiff, Earl Werbe, it was his intention that title to the property involved pass immediately to and vest in the said plaintiff, and when the deed was received by the plaintiff, Earl Werbe, it was the latter's intention to accept, and he did accept, the same as an immediate conveyance of title. And, at the time the said Frederick C. Werbe gave such instructions, he reserved no dominion or control over the deed.

### No. 12

The court has considered all of the testimony relative to the alleged contract between the defendant and Frederick C. Werbe and Mrs. Werbe, and is convinced that no such contract existed between Mr. and Mrs. Frederick C. Werbe and the defendant.

### No. 13

It has been stipulated by the parties that the reasonable rental for the property involved is $50 per month. Also included in the stipulation is the amount of personal property included in the estate of Frederick C. Werbe and the amount paid out by the defendant to satisfy various bills and debts of the estate.

In view of the items set forth in the stipulation, the basis of the claims of the opposing parties, and the background of the present controversy, the court finds that the defendant should not be charged rent except from the date of the filing of the complaint here on April 19, 1951.

### Discussion

The plaintiffs are claiming under a deed dated May 4, 1948, but executed and acknowledged June 4, 1948, by Frederick C.

Werbe conveying the property in dispute to Earl Werbe. Defendant is claiming under a deed executed and delivered to her on July 13, 1948, by the said Frederick C. Werbe conveying the same property to her.

Defendant contends that the property was conveyed to her pursuant to the terms of an oral contract entered into between the defendant and Mr. and Mrs. Frederick C. Werbe in 1934, when she came to their home as a housekeeper, and that the plaintiff, Earl Werbe, had knowledge of this contract and of her rights thereunder at the time the deed conveying the property to him was executed.

The Supreme Court of Arkansas has repeatedly held that such contracts, if established, are valid and may be enforced. However, concerning the burden of proof, that court has stated, Crowell v. Parks, 209 Ark. 803, 804, 193 S.W.2d 483, 484, "It has long been the rule in this court that a valid oral contract to make a will or a deed to land may be made, but that the testimony to establish such a contract must be clear, cogent, satisfactory and convincing. One of the latest cases so holding is Jensen v. Housley, Adm'r, 207 Ark. 742, 182 S.W.2d 758, where a number of our former cases are cited. Among the cases so cited is Kranz v. Kranz, 203 Ark. 1147, 158 S.W.2d 926, 927, in which we said, 'it is not sufficient that he establish it (the oral contract) by a preponderance of the testimony, but that he must go further and establish the contract by evidence so clear, satisfactory and convincing as to be substantially beyond a reasonable doubt.'" The court, after a careful study of the evidence pertaining to such a contract, found that no such contract existed. Aside from the defendant's testimony, there is no positive evidence in the record of such a contract. True, Frederick C. Werbe had in the past made wills leaving his property to the defendant, and various witnesses testified that Frederick C. Werbe had stated to them that defendant was to get his property. However, it nowhere appears that he was executing the wills or announcing his intention to so dispose of his property because obligated to do so under a contract with the defendant. And, it must be noted that he made wills leaving the property to Earl Werbe, and made statements to various persons that he was leaving his property to Earl. If it be assumed that each act or statement was a true representation of his intention at the time, they are far short, even when coupled with defendant's testimony concerning the contract, of meeting the burden of proof resting upon defendant.

In view of the findings and conclusion of the court that there was no such contract, it is, of course, unnecessary to consider any issues that might have been raised had there been a contract. And, although now of no consequence, it might be observed that the evidence is entirely lacking insofar as showing any knowledge or notice on the part of Earl Werbe of any alleged rights of defendant to the property. For all apparent purposes she was in the house as a housekeeper merely, and since Frederick C. Werbe was the owner and in possession as such, her presence there in her capacity as housekeeper could not charge plaintiff that she had any claim to the property. See: Ellis v. Nickle, 193 Ark. 657, 101 S.W.2d 958.

This brings the court to the main issues in the case: whether the deed of June 4, 1948, wherein Frederick C. Werbe was grantor and Earl Werbe was grantee, was delivered to and accepted by Earl Werbe, and if so, whether title was reconveyed to or otherwise revested in Frederick C. Werbe thereafter.

There are numerous decisions of the Supreme Court of Arkansas setting forth the rule for testing whether there has been a delivery of a deed, which rule has been repeated in substantially identical terms in the many decisions on the point. As expressed in Russell v. May, 77 Ark. 89, 92, 90 S.W. 617, 618: "A delivery of a deed is essential to its validity. It cannot take effect without delivery, and what is a delivery depends upon the intention of the grantor. Any disposal of a deed, accompanied by acts, words, or circumstances which clearly indicate that the grantor intends that it shall take effect as a conveyance is a sufficient delivery." Delivery is

a factual question, and while the rule has been uniformly applied, different results have been reached due to the factual differences in the various cases. See: Woodruff v. Miller, 212 Ark. 191, 205 S.W.2d 181; Brown v. Brown, 213 Ark. 58, 209 S.W.2d 289.

In this case, Frederick C. Werbe executed and acknowledged the deed, the acknowledgment taking place on June 4, 1948; directed his attorney at the time, Mr. Crocker, to place it in a lock box; wrote Earl Werbe on June 12, 1948, that "should I die here the will will have to be gone through this court & I have to get this deed to you while living"; thereafter gave written instructions to Mr. Crocker to "Send will & deed to him. tell him to keep will & send deed back to you immediately to have recorded"; and on June 23, 1948, Mr. Crocker, pursuant to his instructions, forwarded the deed to Earl Werbe, and in letter of transmittal stated, inter alia, "He requests that you retain the will in some secure place and return the deed after you have examined it. The deed is to be returned direct to me".

It was the intention of the grantor, Frederick C. Werbe, at that time that controls, and his intention at any time prior thereto or thereafter could be material and relevant only insofar as it might tend to show his intention at the particular time involved, which tendency under the facts of this case is negligible, if not non-existent, since he appears to have done inconsistent acts and made inconsistent statements. The court is convinced that Frederick C. Werbe's intention at the time was that this deed take effect as a conveyance immediately. He had apparently been advised, or at least for some reason came to believe, that leaving the deed in the lock box might not accomplish his obvious desire at the time, that Earl Werbe receive this property, so he gave specific instructions to send the deed to Earl, who was to return it to Mr. Crocker, not Frederick C. Werbe, "immediately to have recorded". As appears from his letter to Earl Werbe of June 12, he did not want to depend upon the will, which he had executed in favor of Earl, and which, of course, would not take effect until his death.

He must have desired a different result than that which would have been achieved by merely willing the property to Earl, or else his action in directing that the deed be sent to Earl during his lifetime is entirely meaningless. Therefore, in the opinion of the court, the only logical inference to be drawn from his action in that regard is that he intended an immediate conveyance of the property to Earl Werbe.

The fact that the deed was placed in the custody of Mr. Crocker, rather than forwarded directly to Earl Werbe makes no difference. As stated by the court in Brown v. Brown, supra, 213 Ark. at page 60, 209 S.W.2d at page 290: "Now while the grantor must have delivered the deed with intention of passing the title to the property which it described, it is not essential that the delivery be made to the grantee personally. It suffices if the delivery is to another for the grantee's benefit." Nor is it decisive that Frederick C. Werbe instructed Mr. Crocker that the deed not be recorded until after his death, as testified to by Mr. Crocker. In Reynolds v. Balding, 183 Ark. 397, 401, 36 S.W.2d 402, 404, the court stated: "It is well settled in this state that, if a deed duly executed and so drawn as to convey a present title is deposited by the grantor with a third person, with directions to deliver it to the grantee after the death of the grantor, and the grantor reserves no dominion or control over the deed, the deed is not an attempted testamentary disposition, but is effective as a conveyance of the title as of the date when the deed is deposited."

And, in Johnson v. Young Men's Bldg. & Loan Ass'n, 187 Ark. 430, at page 437, 60 S.W.2d 925, at page 928, the court in rejecting a contention that failure to record was fatal to the presumption of delivery, stated: "The recording of the deed in the instant case might have defeated the purpose of the grantors in retaining possession and control of the property until the death of one of them and we think a fair explanation of it."

However, in this case, as the court views the matter, it is not necessary to rely upon the delivery to Mr. Crocker for the benefit of Earl Werbe, because a short time

after the deed was originally turned over to Mr. Crocker, Frederick C. Werbe instructed the former to send the deed to Earl, and when Mr. Crocker did this he was acting as Frederick C. Werbe's agent, which, of course, is the same as though Frederick C. Werbe had performed the act personally. Furthermore, regardless of Frederick C. Werbe's desires at the time the deed was originally turned over to Mr. Crocker as to recording or as to when the deed should be transmitted to Earl, it remains that he later gave specific instructions that it be sent to Earl to be returned "immediately to have recorded". And, for that matter, a fair explanation of his original directions that the deed not be recorded until his death is that he did not desire the defendant to know of the deed, which knowledge, if the deed were recorded, might be obtained by her. Under any view of the matter, in the opinion of the court, the grantor, Frederick C. Werbe, relinquished all dominion and control over the deed when he directed that it be sent to Earl Werbe, and as stated above, intended an immediate conveyance at that time.

■ Also, the fact, that it was in all probability the intention and understanding of both parties that Frederick C. Werbe retain the possession of the property until his death, is not inconsistent with an immediate conveyance. Concerning this point, the court stated in Johnson v. Young Men's Bldg. & Loan Ass'n, supra, 187 Ark. at page 437, 60 S.W.2d at page 928: "It was the purpose of the grantors to retain possession of the property until the death of one or the other of them. This is not always inconsistent with the grant or intention of delivery of the deed." And, see: Cribbs v. Walker, 74 Ark. 104, 85 S.W. 244.

■ Turning now to the second factor involved, acceptance by the grantee, the following language from Russell v. May, supra, 77 Ark. at page 93, 90 S.W. at page 618, is pertinent: "An acceptance of the deed by the grantee is also essential to its validity. If it is beneficial to the grantee, and imposes upon him no burdens, an acceptance may be inferred. If it be executed in pursuance of a previous understanding with the grantee, and is beneficial to him,

an acceptance is presumed. In this case the deed was unquestionably beneficial to the grantee." And, in Johnson v. Young Men's Bldg. & Loan Ass'n, supra, 187 Ark. at page 436, 60 S.W.2d at page 928, the court stated: "The acceptance of the deed in the instant case will be presumed because the grant is beneficial to the grantee * * *."

■ In this case there is a deed from foster father to son, which is unquestionably beneficial. By letter of June 12, 1948, Earl Werbe was advised that the deed was forthcoming. The deed was received, examined and returned to Mr. Crocker in letter of June 29, 1948, wherein Earl Werbe stated, inter alia, "I think the deed should be recorded. I am returning it to you in this letter." The court is of the opinion that not only must an acceptance be presumed under these facts, but they sufficiently indicate a positive acceptance by Earl Werbe, so, actually, there is no necessity to rely upon a presumption.

■ After the deed was forwarded to and received by Earl Werbe, the defendant learned of its execution and immediately set about to secure its return. See: Finding of Fact No. 6. Either due to her persistent insistence or for some other reason, Mr. Crocker called Earl Werbe and asked for the return of the deed, and Earl Werbe called his father who likewise requested its return. Earl Werbe returned the deed to Mr. Crocker enclosed in his letter of June 29, 1948. Thereafter, Mr. Crocker, together with Mr. Price Dickson, returned the deed to Frederick C. Werbe, who "took the deed and tore his signature out and the acknowledgement off of it." In this state the Supreme Court of Arkansas has consistently adhered to the rule that the surrender or destruction of a deed will not operate to revest the title in the grantor. As expressed in Taliaferro, Ex'r of McGehee v. Rolton, 34 Ark. 503, 508: "This court has heretofore, on mature deliberation and comparison of authorities, adopted and announced the broad doctrine that 'the surrender or destruction of a deed will not operate to revest the grantor with the title,' whether the first deed be registered or not; and has intimated that this doctrine should apply, on principle, even to cases between

the parties, conducted in perfect fairness and good faith, and with due regard to the rights of creditors of the grantee." And, in Garrett v. Lion Oil & Refining Co., 173 Ark. 429, 434, 292 S.W. 405, 406, the court said: "A number of cases of other states are referred to, but this question is so thoroughly settled by the decisions of our own court that we think it unnecessary to discuss them, and our court has stated in the case quoted from by appellees that the decided weight of authority is that the surrender of a deed, though not registered, will not operate to revest the grantor with the title. We therefore hold that the surrender of the deed to the one acre by Hicks to Murphy did not operate to revest the title in Murphy." See, also: Mauldin v. Howell, 212 Ark. 268, 205 S.W.2d 446, where the general rule was reaffirmed, but in that case, there was an agreement on the part of the grantee that if he failed to work grantor's farm he would return the deed, and the court held that the return of the deed pursuant to the terms of agreement was sufficient to revest the equitable title in the grantor and the latter could compel a transfer of the legal title under a constructive trust theory. There, of course, was no agreement in this case, nor any other facts that would warrant a departure from the general rule. And, for that matter, the facts show that the deed was returned by Earl Werbe to Mr. Crocker to be recorded, and not surrendered for destruction. This is shown by the contents of his letter returning the deed, and according to his testimony, which is entirely reasonable, was the understanding reached in his conversation with Frederick C. Werbe and the defendant concerning the return of the deed.

Thus, it follows that the title to the property in dispute was vested in Earl Werbe, and did not subsequently revest in Frederick C. Werbe, nor has the former otherwise conveyed it. Therefore, the deed of Frederick C. Werbe to the defendant, Mrs. Holt, of July 13, 1951, conveyed nothing, and she has no interest in nor claim to the real property.

One other point should be mentioned. During the will contest proceedings in the Probate Court, the dismissal of which was later affirmed by the Supreme Court of Arkansas, the then attorney for the plaintiff, Earl Werbe, stated that the plaintiff was not claiming under the deed. In that proceeding the issue before the court was whether the will had been executed through undue influence exerted upon Frederick C. Werbe by the defendant. The issues raised by the execution of the deed to Earl Werbe or by the execution of the deed to the defendant, Mrs. Holt, under which she now claims title to the property, were not before the court, and, of course, were not decided. Therefore, in the opinion of the court, the making of that statement in those proceedings cannot estop or otherwise prejudice the rights of the plaintiff, Earl Werbe, in this proceeding. And, the court does not understand that the defendant is now so contending.

## Conclusions of Law

### No. 1

The court has jurisdiction of the parties and of the subject matter of this cause.

### No. 2

There was no contract between the defendant and Mr. and Mrs. Frederick C. Werbe that the property in dispute was to be conveyed or willed to the defendant.

### No. 3

The deed dated May 4, 1948, and executed and acknowledged June 4, 1948, wherein Frederick C. Werbe was grantor and Earl Werbe was grantee, was delivered to and accepted by the plaintiff, Earl Werbe, and by virtue thereof the title to the property in dispute vested in the said plaintiff, Earl Werbe. That title was not subsequently revested in Frederick C. Werbe and has not been conveyed by Earl Werbe to any other person or persons.

As a result thereof, the deed executed July 13, 1948, wherein Frederick C. Werbe was grantor and the defendant, Mrs. Jessie Holt, was grantee, conveyed nothing, and the defendant, therefore, has no interest in or claim to the property in dispute.

## No. 4

Judgment should be entered establishing the deed by which Frederick C. Werbe conveyed the property herein in dispute to Earl Werbe; decreeing that the said Earl Werbe is the legal owner of the said property and entitled to immediate possession of the same and, if possession is not delivered in 30 days from this date, writ of possession may issue therefor; awarding the plaintiff, Earl Werbe, the sum of $50 per month from April 19, 1951, to the date possession is surrendered by the defendant to the plaintiff as a reasonable rental for the said property; and assessing costs in favor of the plaintiffs.